```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MONICA NUNEZ,

                    Plaintiff,
                                                   MEMORANDUM &
        - against -                                    ORDER

BOROUGH OF MANHATTAN COMMUNITY COLLEGE,         10 Civ. 2854(NRB)
THE CITY UNIVERSITY OF NEW YORK,

                    Defendant.
------------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Monica Nunez, a resident of New Jersey, brings this action relying on diversity of citizenship for subject matter jurisdiction against the Borough of Manhattan Community College of the City University of New York ("BMCC"). Plaintiff, a former employee of BMCC, brings what appear to be common law claims of harassment, intentional or negligent infliction of emotional distress, and constructive discharge.[1] Now pending is defendant's motion to dismiss plaintiff's complaint as time-barred or for failure to file a timely notice of claim. For the reasons set forth below, defendant's motion is granted.

## FACTS

Plaintiff was hired by BMCC in 1985 and has held various positions with the College, most recently as a computer lab

---

[1] Plaintiff's complaint cites no statutory authority whatsoever, and thus we presume she is proceeding pursuant to the common law.

1

technician. Compl. ¶ 1. She alleges that she regularly received positive employment reviews, but that from June 2007 through August 2008 she was consistently harassed by her fellow employees and pressured to retire because of her age. Compl. ¶¶ 8-9, 13. Plaintiff claims that she reported the harassment to her supervisors, but was told to "just keep working." Compl. ¶ 18. According to plaintiff, the situation became intolerable, and she went on sick leave in August 2008 due to the "emotional distress inflicted upon her" by her employer. Compl. ¶ 10. Plaintiff has not returned to work and is still being treated by a physician for the psychological effects of this alleged hostile work environment. Plaintiff thus claims that she has been constructively discharged, and brings this suit to remedy such discharge as well as the harassment and emotional distress that she suffered.

## DISCUSSION

At the outset, we should note that although plaintiff, who is represented, never filed an opposition to defendant's motion to dismiss, we are obligated to make our own assessment of the merits of defendant's motion and to determine whether the complaint is sufficient to state a claim upon which relief can be granted. McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000) (sufficiency of a complaint is a matter of law that district court is "capable of determining based on its own

reading of the pleading and knowledge of the law" and that "plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal" if the complaint does state a claim upon which relief can be granted). Additionally, while plaintiff's counsel never filed formal opposition papers, he did respond substantively to defendant's letter requesting a pre-motion conference in advance of its motion to dismiss. Thus, we will consider those arguments in deciding this motion.

One of the grounds for defendant's motion to dismiss is plaintiff's failure to file a notice of claim. State notice-of-claim statutes apply to state law claims brought in federal courts pursuant to diversity jurisdiction. <u>Hardy v. New York City Health & Hosps. Corp.</u>, 164 F.3d 789, 793 (2d Cir. 1999) (citing <u>Felder v. Casey</u>, 487 U.S. 131, 151 (1988)). A notice of claim is a condition precedent to bringing tort claims against New York City, and it must be filed within ninety days of the date the claim arises and must set forth the nature of the claim. N.Y. Gen. Mun. Law § 50-e. New York law explicitly applies the notice-of-claim requirement to suits against a community college of the City University of New York. N.Y. Educ. Law § 6224(2) (Consol. 2010).

New York law requires a plaintiff to plead in the complaint that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed before

the complaint was filed; and (3) defendant has neglected or refused to adjust or satisfy the claim. Hardy v. New York City Health & Hosps. Corp., 164 F.3d at 793 (citing N.Y. Gen. Mun. Law § 50-e; Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 61-62 (1984)). The notice-of-claim requirements are "construed strictly by New York state courts" and failure to comply with these requirements usually requires dismissal for failure to state a cause of action. Id. at 793-794 (collecting cases for both propositions).

Plaintiff's complaint makes no mention of the notice-of-claim requirements. However, in the letter to the Court in response to defendant's letter requesting a pre-motion conference prior to moving to dismiss the complaint, plaintiff's counsel noted that should we "conclude the notice to [sic] claim served upon defendant was deficient, the plaintiff respectfully requests an extension on the time to file the notice of claim under N.Y. G.M.U. [sic] §50(e)(5)." However, while §50(e)(5) does allow for applications for leave to serve a late notice, §50(e)(7) makes clear that such an application can only be made to the supreme or county court where the action may properly brought for trial. N.Y. Gen. Mun. Law § 50-e(7). Thus, a federal court has no authority to hear applications to serve a late notice of claim. See Costabile v. County of Westchester, 485 F.Supp.2d 424, 431 (S.D.N.Y. 2007); Brown v. Metro. Transp.

4

Auth., 717 F.Supp. 257, 259-61 (S.D.N.Y. 1989); Lipinski v. Skinner, 700 F.Supp. 637, 639-40 (N.D.N.Y. 1988).

Since plaintiff has not complied with the notice-of-claim requirements of the New York General Municipal Law, her complaint is dismissed.[2] As such, we do not reach the question of whether her claims would also be time-barred under the applicable statute of limitations.

Dated:   New York, New York
         December 29, 2010

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorney for Plaintiff**
David E. Mayland, Esq.
Strasser & Associates
7 East Ridgewood Avenue
Paramus, NJ 07652

**Attorney for Defendants**
Cindy E. Switzer
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007-2601

---

[2] We dismiss plaintiff's claims without prejudice so as not to preclude her from making the application to a state court for an extension pursuant to N.Y. Gen. Mun. Law §50(e)(5).